**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Alfredo Reyna PULIDO, Defendant–Appellant.**

**No. 06–41464
Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

June 19, 2007.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Federal Public Defender's Office Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM: *

Alfredo Reyna Pulido appeals his guilty-plea conviction and 30–month sentence for

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

illegal reentry, in violation of 8 U.S.C. § 1326. His constitutional challenge to § 1326(b) is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Reyna Pulido contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.2005). Reyna Pulido properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Reyna Pulido additionally argues, for the first time on appeal, that the district court misapplied the Sentencing Guidelines by characterizing his state felony conviction for possession of a controlled substance as an "aggravated felony" for purposes of U.S.S.G. § 2L1.2(b)(1)(C). Given the Supreme Court's recent decision in *Lopez v. Gonzales,* — U.S. ——, 127 S.Ct. 625, 166 L.Ed.2d 462 (2006), Reyna Pulido is correct. *See United States v. Estrada–Mendoza,* 475 F.3d 258, 259–61 (5th Cir.), *cert. denied,* — U.S. ——, 127 S.Ct. 1845, 167 L.Ed.2d 340 (2007). His conviction is affirmed. His sentence is vacated, and the case is remanded for resentencing.

CONVICTION AFFIRMED; SENTENCE VACATED; REMANDED FOR RESENTENCING.